LAW OFFICES OF

# VIKRANT PAWAR

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.com

writer's email
VIK@PAWARLAW.COM

March 4, 2014

**BY MAIL**
The Clerk of the Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Contreras v. The City of New York, et al.*, 13 CV 7610 (VSB)

Dear Clerk:

      Enclosed please find plaintiff's First Amended Complaint for filing. A PDF copy of the amended complaint has been emailed to case-openings and to defense counsel.

Very truly yours,

Vik Pawar (VP9101)

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEONARDO CONTRERAS,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. WILLIAM
PUSKAS, FINBARR FLEMING, SEAN BUTLER,
STEVEN ST. HILAIRE, TIMOTHY GENTZ,
JOHN TIERNY, JOHN and JANE DOES

                Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

13 CV 7610 (VSB)

Plaintiff LEONARDO CONTRERAS (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

1

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 1985 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a resident of the Bronx and at all times relevant was a citizen of the State of New York and the United States,

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants Puskas, Fleming, Butler, St. Hilaire, Gentz, Tierney and John and Jane Doe are/were members of the NYPD and are sued in their individual and official and supervisory capacities and are alleged to have acted under the color of state law.

## FACTS

9. On April 10, 2013, at approximately 3 p.m., plaintiff was lawfully inside his friend Ramsey Perez's apartment located at 187th street and Hughes Avenue, Bronx, New York.

10. Plaintiff was socializing with his friend Ramsey and 2 female friends.

11. Around 6 p.m., the female friends decided to leave and Ramsey walked them to the hallway and was saying good-bye to them.

12. At that point one of the named NYPD detectives barged inside Ramsey's apartment where plaintiff was seated in the living room.

13. Upon information and belief, the named defendants then grabbed Ramsey and plaintiff and brought them into the kitchen.

14. Plaintiff was confused and asked the defendants if they could get his telephone from the living room so that it would be secure.

15. The defendants went to the living room and got plaintiff's phone and when plaintiff confirmed that it was in fact his telephone, the defendants arrested him and tightly handcuffed his hands.

16. Plaintiff was first brought to the precinct and the next day taken to central booking. From Central Booking plaintiff was brought back to the precinct where he was allegedly in a "line-up." Plaintiff was told that he was not identified in the "line-up."

17. Plaintiff was released on April 12, 2013 around 4 p.m.

18. Plaintiff went back to court numerous times until the bogus charges against plaintiff were eventually dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive force)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

20. Defendants in effectuating the arrest of plaintiff used unnecessary and unreasonable force.

21. Defendants caused plaintiff unreasonable pain by placing the handcuffs tightly behind his back.

22. As a result of defendant's conduct, Plaintiff suffered injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Fourth Amendment Rights)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

24. Plaintiff was false imprisoned for more than 48 hours and suffered restrain to his liberty in violation of his rights secured under the Fourth Amendment.

25. As a result of defendants' conduct, plaintiff suffered constitutional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution/14th Amendment Violation)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

27. Plaintiff was deprived of his procedural and substantive due process rights in that he was maliciously prosecuted for crimes he did not commit.

28. Before the charges against plaintiff were dismissed, he was deprived of his liberty because he was forced to appear for court numerous times and was in danger of being jailed if he had failed to show up at the hearings.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Rights under 1981)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

30. Plaintiff was arrested solely because he was a minority.

31. As recent Courts in this District have recognized, male blacks and Hispanics have been constantly and unnecessarily targeted by the NYPD for unlawful purposes.

32. As a result of his arrest, plaintiff was deprived of his rights secured under the Constitution and he suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Conspiracy under Section 1985)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

34. Defendants conspired with one another to arrest plaintiff, to improve their "arrest" numbers and "quotas" and to generate overtime through these illegal arrests.

35. Defendants also conspired to inflate the "statistics" of their work to justify their actions to NYPD high command so that it appeared they were doing something about crime, when in fact they were arresting innocent civilians.

36. As a result of the collective actions of the defendants, plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(*Monell* Liability)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

38. Defendant City, through the NYPD, has a custom, policy and practice of stopping and arresting male blacks without any justification. These policies have been ruled unconstitutional in recent district court decisions.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting and extorting individuals suspected of crimes without due process based on their age, color, and race and for voicing their concerns about improper police activity. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

41. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

42. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants,

6

Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

44. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Fifty Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
March 4, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*

8